NELSON, Plaintiff in error, v. STATE, Defendant in error. [Case No. State 66.]

WILLIAMS, Plaintiff in error, v. STATE, Defendant in error. [Case No. State 67.]

*Nos. State 66, 67. Argued March 30, 1972.—Decided May 2, 1972.* (Also reported in 196 N. W. 2d 710.)

For the plaintiffs in error there was a brief and oral argument by *John J. Germanotta*, Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

WILKIE, J. The only issue raised on this review is whether the jury was properly impaneled and constituted. We deem that this issue is properly considered here since (1) a motion was made by trial counsel during the *voir dire* as follows:

"Your honor, my motion is to challenge the sufficiency of this jury which has been brought into the courtroom consisting of 30 jurors, which has resulted in one Negro being selected on the jury; that being the only Negro being brought in amongst those 30 jurors, and my contention is that the selection of a panel for this case which includes only one Negro male juror is prejudicial and deprives my clients, who are Negro males, of certain constitutional rights, mainly the violation of due process of law."

and (2) counsel made an oral motion following the verdict which maintained his objections to the constitution of the jury. While the motion is not precise, it raises the issue now advanced by defendants concerning the number of individuals available for jury duty and the percentage of black veniremen. As to the number of individuals on the panel, the Wisconsin law is clear: The decision to draw names of additional jurors to constitute a panel of 36 is within the discretion of the trial court. This discretionary power is conferred on the court both by statute [2] and case law.[3] Here the court attempted to locate additional jurors but was unable to find the jurors which satisfied defendants. It is obvious that what defendants truly desired was not more jurors, but more black jurors. The court considered the fact that there were no additional black veniremen available and that one black person had been selected for defendants' jury. These facts, coupled with the fact that defendants were not denied any peremptory challenges because of the number of available veniremen, demonstrates that there was no abuse of discretion in failing to locate additional veniremen.

The defendants' primary objection to the jury panel in this case is really that there were not enough black people on the panel. Defendants do not claim intentional elimination of blacks from the panel or discrimination in any way against blacks. It is apparently defendants' contention that the jury panel had to have more black people in order to ensure defendants an impartial trial.

[2] *See* sec. 255.05, Stats., "may."

[3] *State v. Zuehlke* (1941), 239 Wis. 111, 120, 300 N. W. 746, "discretion."

Such a claim was considered and specifically rejected by this court in *McKissick v. State*,[4] wherein it was said that:

". . . The mere lack of proportional representation of races on a jury panel does not constitute discrimination, and an accused is 'not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury roll from which petit jurors are drawn. . . .' "

Thus, by itself, the fact that only one black person was on the jury which returned the verdict does not constitute a denial of an impartial jury.

*By the Court.*—Judgments affirmed.

---

[4] (1971), 49 Wis. 2d 537, 543, 182 N. W. 2d 282, citing *Cassell v. Texas* (1950), 339 U. S. 282, 70 Sup. Ct. 629, 94 L. Ed. 839, and *Swain v. Alabama* (1965), 380 U. S. 202, 85 Sup. Ct. 824, 13 L. Ed. 2d 759.